## Shelborne Corporation v. Bestway Basement Waterproofing, Inc.

Before Robinson, *P.J.*, Conaboy, Kosik and Walsh, *JJ.*

*Gary Uspal*, for plaintiffs.
*Edwin Utan*, for defendants.

ROBINSON, *P.J.*, June 27, 1977—There are before us preliminary objections to the amended complaint.

In this case 13 plaintiffs sued in a single action joining 11 different and unconnected actions against defendant corporation, Bestway Basement Waterproofing, Inc., and three of its officers, Roy Messenger, Betty L. Messenger and Edwin Lachman as individual defendants. The actions against the corporation are to recover for improper and unworkmanlike waterproofing of basements in the performance of written contracts. The actions

against individual defendants are based upon alleged fraudulent and deceitful misrepresentation of fact.

On February 8, 1977, this court disposed of preliminary objections to plaintiffs' original complaint holding that the complaint stated a case against corporate defendant, Bestway Basement Waterproofing, Inc., but that the claims against individual defendants, Roy Messenger, Betty L. Messenger and Edwin Lachman were not sufficiently specific to allege causes of action for fraud and deceit.

Plaintiffs filed an amended complaint to which the corporate defendant, Bestway Basement Waterproofing, filed an answer and individual defendants filed preliminary objections. Individual defendants contend (1) that the complaint fails to state a cause of action against them and that the allegations in the 11 causes of action are not sufficiently specified, (2) that there is an improper misjoinder of parties and causes of action in the 11 suits in the present claim, and (3) that the verification of the allegations of the complaint does not comply with the requirements of Pa.R.C.P. 1024(c). We agree and sustain the preliminary objections of the individual defendants to the complaint. . . .

Defendants' objections to the misjoinder of parties and causes of action is not without merit. Such misjoinder cannot be tolerated even though defendants did not include the same in the objections to the original complaint. The 13 plaintiffs have improperly combined 11 separate actions of assumpsit and fraud and deceit. Since there are no connections between the suits this constitutes impermissible misjoinder. Defendants may press the

point even though it was not presented in the objections to the original complaint. Misjoinder affects the litigation, particularly at trial, whether by jury or nonjury or compulsory arbitration, and it is required that the separate issues between separate parties be tried separately.

In 2 Goodrich-Amram 2d §1028(b):1 it is noted while all preliminary objections must be raised at one time, "The court may, however, on its own motion require the filing of a more specific complaint, or the correction of some other defect in the pleading whether or not it has been raised by the parties." The trial of 11 different actions brought by 13 different plaintiffs in a single proceeding is unthinkable. The confusion and mistakes inherent in such a trial must be avoided.

We therefore direct that the misjoinder of actions and parties be corrected by the filing of separate suits.

Finally, the preliminary objection to the verification of the amended complaint is sustained. The amended complaint of 11 causes of action brought by 13 plaintiffs was verified by the affidavit of Joseph E. Katacinski, a plaintiff in only one count. Pa.R.C.P. 1024(c) requires that: "The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing of the pleading. In such cases the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why

the verification is not made by a party." The affidavit of verification of Mr. Katacinski here does not comply with Pa.R.C.P. 1024 in respect to ten counts of the complaint and is therefore stricken off.

ORDER

Now, June 27, 1977, the preliminary objections of defendants to the amended complaint are sustained; the preliminary objections of plaintiffs to defendants' preliminary objections to the complaint are overruled; plaintiffs are granted 20 days to amend the amended complaint in accordance with the views expressed in this opinion and also that of February 8, 1977.